UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| LORD JOHNSON #471435,   )<br>　　　　Plaintiff,　　) <br>　　　　　　　　　　　　) <br>v.　　　　　　　　　　　) <br>　　　　　　　　　　　　) <br>KRYSTAL HARTER and　　) <br>TIM GOUGH,　　　　　　) <br>　　　　Defendants.　) <br>　　　　　　　　　　　　) | No. 2:20-cv-74<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Maarten Vermaat, United States Magistrate Judge, who issued a Report & Recommendation ("R&R") on July 20, 2022 (ECF No. 45). The R&R recommends that the Court grant Defendants' motion for summary judgment because Plaintiff failed to show a genuine dispute of material fact as to his Eighth Amendment deliberate indifference claim or First Amendment retaliation claim, brought under 42 U.S.C. § 1983. The parties were given fourteen days to file written objections to the proposed findings and recommendation per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Plaintiff subsequently filed several objections to the R&R[1] (ECF No. 47), and Defendants filed a response (ECF No. 48). Because Plaintiff has failed to show a genuine dispute of material fact, this Court will adopt the R&R as the opinion of the Court and grant Defendants' motion for summary judgment.

---

[1] The Court notes that Plaintiff filed a motion for extension of time to file his objections to the R&R (ECF No. 46) contemporaneously with his objections. Both these documents were mailed on August 1, which was within the fourteen-day time period under Fed. R. Civ. P. 72(b)(2). *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (explaining the "prison mailbox rule"). Thus, Plaintiff's objections were timely filed and his motion for an extension of time was unnecessary. The Court will therefore dismiss the unnecessary motion for extension of time and consider the merits of Plaintiff's objections.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

Plaintiff Lord Johnson is a *pro se* prisoner who is confined by the Michigan Department of Corrections ("MDOC") at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. Relevant to this lawsuit, Plaintiff allegedly underwent surgery in November 2018 on his big toe to remove an ingrown toenail (ECF No. 1 at PageID.2). Following this surgery, Plaintiff was given an accommodation for wide toe box ("WTB") shoes. After Plaintiff was delayed in receiving his WTB shoes—due to Michigan State Industries ("MSI") sending shoes in the incorrect size—he filed this lawsuit alleging an Eighth Amendment deliberate indifference claim. He also raises a First Amendment retaliation claim, asserting that Defendants purposely further delayed getting Plaintiff his shoes, in retaliation for Plaintiff's filing of a grievance for "deliberate indifference/negligence" regarding the delay in receiving his WTB shoes (ECF No. 45 at PageID.234). Judge Vermaat recommends that this Court grant Defendants' motion for summary judgment because

Plaintiff has failed to raise a genuine dispute of material fact as to either of his claims, or alternatively, because Defendants are protected by qualified immunity (*see* ECF No. 45).

This Court conducted a de novo review of Plaintiff's objections to the R&R. On review of the evidence, the R&R is adopted over Plaintiff's objections.

First, Plaintiff argues that the Magistrate Judge "disregarded the fact that plaintiff has submitted a sworn affidavit disputing the material facts alleged in the defendant's summary judgment motion; and therefore the Court should not grant summary judgment" (ECF No. 47 at PageID.252). This objection is overruled because it is plainly false. The R&R noted that "Johnson, Harter, and Gough provided affidavits and records setting forth the pertinent facts in this case," and it contained an entire section titled "Johnson's Factual Allegations," outlining the facts contained in Plaintiff's affidavit (ECF No. 45 at PageID.232-335). Judge Vermaat thoroughly considered Plaintiff's affidavit in making his recommendations. He did not "disregard" the affidavit; rather, he found that "the record blatantly contradicts" (*Id.* at PageID.241) many of Plaintiff's factual allegations in his affidavit and noted that "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Therefore, Judge Vermaat found that, despite Plaintiff's assertions in his affidavit, he failed to raise a genuine dispute of material fact. This first objection is overruled.

Second, Plaintiff objects by stating that Defendant Gough violated an MDOC policy by responding to a grievance that implicated him. *See* MDOC PD 03.02.130. Although Plaintiff's objection asserts that "Gough's intent raises a genuine issue of material fact for a

3

jury to decide," and "that a jury could reasonable [sic] conclude that defendant knowingly participating [sic] in the investigation of a grievance that involved him," (ECF No. 47 at PageID.255), Plaintiff does not explain what material fact, relevant to his asserted claims, this allegation raises. Whether Defendant Gough violated an MDOC policy is wholly irrelevant to Plaintiff's constitutional claims, and in any event, a violation of an MDOC policy does not rise to the level of a constitutional violation asserted via § 1983. *See Laney v. Farley*, 501 F.3d 577, 581 n.2 (6th Cir. 2007). The Court also overrules this objection.

Finally, Plaintiff objects by stating that Judge Vermaat "ignored the fact that Defendant Gough altered his response or what the plaintiff contends is a retraction so not to be deliberately indifferent," and that Judge Vermaat "ignored the fact that [defense counsel] allowed Defendant Gough to perjure himself from the original admissions to the supplemental" (ECF No. 47 at PageID.255). Yet, Plaintiff fails to articulate any differences in Defendant Gough's testimony, nor does he explain what admissions Defendant Gough "retracted." Without more specificity, this objection is not entitled to de novo review, and it is also overruled. *See Marshall*, 806 F.2d at 637.

Given that Plaintiff's objections fail to establish a genuine dispute of material fact, the Court accepts the Magistrate Judge's recommendation to grant Defendants' motion for summary judgment. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 45) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 33) is **GRANTED**.

4

5

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time (ECF No. 46) is **DISMISSED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date: August 26, 2022              /s/ Paul L. Maloney
                                   Paul L. Maloney
                                   United States District Judge